IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BENJAMIN MORRISON, #1711366,       ) | |
|     Plaintiff,                                          ) | |
| vs.                                                              ) | No. 3:23-CV-2046-N-BH |
|                                                           ) | |
| DALLAS COUNTY HUMAN SEX             ) | |
| TRAFFICKING TASK FORCE, et al.,     ) | |
|     Defendants.                                    ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

## I. BACKGROUND[2]

Benjamin Morrison (Plaintiff), an inmate at the Texas Department of Criminal Justice (TDCJ) Michaels Unit, brings this lawsuit under 42 U.S.C. § 1983 against "Mrs. Abbott, District Attorney" (District Attorney), "Mr. Mike Gist, [] Director Human Sex Trafficing [sic] Task Force" (Director),[3] and Warden Veronica Lilly (Warden) in their official capacities only. (docs. 6 at 3; 10 at 1-12.) He contends that he cooperated in criminal cases that resulted in the breakup of child sex trafficking and child sex pornography rings, that those criminal rings were operated by criminal gang members incarcerated with him in the Michaels Unit, and that gang members in and outside of prison seek to retaliate against him and his family. (doc. 6 at 4-5.) He alleges that those gang

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] In his response to the magistrate judge's questionnaire, Plaintiff substituted District Attorney and Director for the Dallas County Human Sex Trafficking Task Force as defendants, and removed the Director of the TDCJ as a defendant. (*See* doc. 10 at 2-3.) Although Plaintiff includes "Homeland Security" in Director's title, he provides the same address as for District Attorney, and his allegations imply that Director was part of the original defendant, Dallas County Human Sex Trafficking Task Force. Nothing in the pleadings suggests that Director is a federal employee.

members have threatened to kill him and have damaged his personal property, including his "2023 red Ferrari convertible" and other vehicles stored on an FBI secured lot. (docs. 6 at 5; 10 at 6-7.) He also alleges that two victims of his crimes have conspired with those gang members to burn down the lake house that he was going occupy after his release from prison and to prevent him from receiving witness protection. (doc. 13 at 1-2.)

Plaintiff contends that District Attorney and Director violated 18 U.S.C. § 3521 when they failed to release him from prison and place him under federal witness protection. (doc. 10 at 2) He contends that Warden violated his Eighth Amendment right by failing to protect him and his property against retaliation by criminal gangs. (docs. 6 at 3; 10 at 5-6.) He alleges that Warden did not enforce strict searching procedures of guards, which resulted in enemy inmates getting the cell phones used to retaliate against his family and property outside of prison. (doc. 10 at 5-6.) He seeks immediate release from prison, placement of him and his family under federal witness protection, monetary damages for his damaged property, an injunction to enforce search and seizure protocols to stop the flow of cell phones at all TDCJ prisons, the deployment of electrical equipment to jam or damage cell phones at all TDCJ prisons, and to have criminal charges brought against his criminal victims for conspiring with gang members. (*See* docs. 6 at 4; 10 at 11; 13 at 2.)

## II. PRELIMINARY SCREENING

Because Plaintiff, a prisoner, has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. §§ 1915A and 1915(e)(2), which provide for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on

2

a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curium). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A " '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle*, 429 U.S. at 104-05).

### III.  SECTION 1983

Plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    District Attorney and Director**

Plaintiff expressly sues District Attorney and Director in their official capacities only. (*See* doc. 10 at 2, 5.)[4] A claim against District Attorney and Director in their official capacities is the same as a claim against their employer, Dallas County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Olidbas v. Dodson*, 593 F. App'x 412, 413 n.1 (5th Cir. 2015) (per curiam) ("[I]t is well-settled that claims against a municipal officer in his official capacity are claims against the county.").

---

[4] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). It is well settled that a municipality "may not be held liable under § 1983 on a basis of vicarious liability." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (citing *Monell*, 436 U.S. at 690-91). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Official policy" is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

"The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police*

4

*Dept's*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001). "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

Plaintiff does not allege an official policy or custom of Dallas County that resulted in a violation of his rights. Further, he has failed to plausibly allege a constitutional violation, which is a prerequisite to municipal liability. *See, e.g., Salazar-Limon v. City of Houston*, 97 F. Supp.3d 898, 910 (S.D. Tex. 2015). He has therefore failed to state a claim for municipal liability, and his official capacity claims against District Attorney and Director should be dismissed.

**B.**     **Warden**

Plaintiff sues Warden in her official capacity only. (doc. 10 at 5.) His suit against Warden in her official capacity is a suit against the state of Texas. *See Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (explaining that Eleventh Amendment bars suits against state officials who are sued in their official capacities regardless of whether monetary damages or injunctive relief is sought); *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself.").

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively

confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, any claims for monetary damages against Warden in her official capacity are barred by Eleventh Amendment immunity. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("We twice have held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity.") (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998)).

Plaintiff appears to assert a claim for injunctive relief against Warden. (*See* doc. 10 at 11.) The Supreme Court has created an exception to Eleventh Amendment immunity for suits for injunctive or declaratory relief against individual state officials. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-22 (5th Cir. 2008) ("Pursuant to the *Ex Parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state

6

employee acting in his official capacity."). Under the *Ex parte Young* exception, "claims against state officials for prospective injunctive relief under § 1983 ... are not barred by sovereign immunity." *Kobaisy v. Univ. of Miss.*, 624 F. App'x 195, 198 (5th Cir. 2015) (citing *Nelson*, 535 F.3d at 324). For the exception to apply, the suit must "(1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citations, quotations, and alterations omitted). "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Id.* at 646.

Here, Plaintiff requests that TDCJ "protocols" for screening and searching inmates for cell phones and for jamming and damaging cell phones at all TDCJ prisons be enforced. (doc. 10 at 11.) He fails to show that Warden has the requisite connection with the enforcement of such protocols at all TDCJ prisons, however. He also does not allege a continuing violation of federal law or otherwise show how Warden's failure to enforce TDCJ protocols violates his constitutional rights. Because Plaintiff fails to allege that Warden has engaged in any ongoing violation of federal law, the *Ex parte Young* exception does not apply. *See Reeves*, 954 F.3d at 736; *Bailey v. Willis*, No. 4:17-CV-00276-ALM-CAN, 2018 WL 3321461, at *5 (E.D. Tex. Jan. 11, 2018), *adopted by* 2018 WL 2126476 (E.D. Tex. May 8, 2018) ("Failure to allege an ongoing violation of federal law defeats

a claim for injunctive relief."); *see, e.g., Citizens Against the Bar v. Travis Cty.*, No. A-13-CV-528-LY, 2014 WL 7338891, at *1, *3-4 (W.D. Tex. Dec. 22, 2014), *adopted by* 2018 WL 2126476 (E.D. Tex. May 8, 2018) (finding claims for prospective relief barred because plaintiffs had failed to allege any ongoing violation of federal law).

Because all of Plaintiff's claims against Warden are barred by Eleventh Amendment immunity, they should be dismissed without prejudice.[5]

### IV.  HABEAS RELIEF

Plaintiff seeks to be immediately released from prison. (doc. 10 at 11.) Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (release is an inappropriate remedy in a § 1983 action). A prisoner cannot challenge the fact or duration of confinement. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may not obtain habeas relief in a § 1983 action, he fails to state a cause of action upon which relief may be granted on any claim for release from prison.

### V.  18 U.S.C. § 3521

Plaintiff requests that he and his family be placed under full witness protection under 18 U.S.C. § 3521. (*See* docs. 6 at 4; 10 at 2.) Section 3521 provides that the United States Attorney General may provide for the relocation and protection of a witness or potential witness for the government if the Attorney General determines that a certain crime or crimes are likely to be committed against the witness. 18 U.S.C. § 3521(a)(1). Decisions concerning whether to place a

---

[5] Claims barred by sovereign immunity "can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

person in the program is within the Attorney General's discretion. *See Jet Indus., Inc. v. United States*, 777 F.2d 303, 306 (5th Cir. 1985) ("We conclude that the selection and supervision of participants in the Federal Witness Protection Program constitute discretionary functions."). Further, § 3521 specifically states that "[t]he United States and its officers and employees shall not be subject to any civil liability on account of any decision to provide or not to provide protection under this chapter." 18 U.S.C. § 3521(a)(3). Because federal courts have no authority to direct that a witness be placed in the federal witness protection program, Plaintiff has failed to state a claim that would entitle him to relief under § 3521, and the claim should be dismissed with prejudice. *See Mayberry v. Aragor*, No. 3:11-CV-0333-K-BH, 2011 WL 4485775, at *5 (N.D. Tex. Sept. 6, 2011), *adopted by* 2011 WL 4485927 (N.D. Tex. Sept. 27, 2011) (finding plaintiff failed to state a claim for relief under § 3521); *Nelson v. City of Plano*, No. 4:06-CV-102, 2007 WL 1438694, at *3 (E.D. Tex. May 14, 2007) (same).

### VI.  REQUEST FOR CRIMINAL INVESTIGATION AND PROSECUTION

Plaintiff also asks that the FBI be ordered to investigate the destruction of his property, and that his criminal victims "be charged with criminal charges for conspiring with" gang members to burn down his house. (doc. 13 at 2.) This form of relief is not available in a § 1983 action. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that plaintiff failed to state a claim for failure to file criminal charges under § 1983 because there is no constitutional right to have someone criminally prosecuted). "Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts." *Bland v. Terrebonne Parish Criminal Justice Complex*, Civil Action No. 09-4407, 2009 WL 3486449, at *3

(E.D. La. Oct. 23, 2009) (citations omitted). Any claims for criminal investigation and prosecution should be dismissed for failure to state a claim.

## VII. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint."). Here, Plaintiff amended his complaint once, he responded to a questionnaire, and he was granted leave to amend his questionnaire answers. Because he has had an opportunity to plead his best case, further leave to amend is not warranted.

## VIII. RECOMMENDATION

The plaintiff's official capacity claims against the warden should be **DISMISSED without**

10

**prejudice** for lack of subject matter jurisdiction, and his official capacity claims against the remaining defendants, and his claims for habeas relief, witness protection, and criminal investigation and prosecution should be **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 6th day of December, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE