IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN MORRISON, #1711366,  PLAINTIFF, | § § § | |
| V. | § § | CIVIL CASE NO. 3:23-CV-2046-N-BK |
| DALLAS COUNTY HUMAN SEX TRAFFICKING TASK FORCE, ET AL.,  DEFENDANTS. | § § § § | |

ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. No objections were filed. The Court reviewed the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate.

On December 18, 2023, Plaintiff filed a *Motion to Add Complaint to Above Caus[e] and Case 18 U.S.C. § 1983*. Doc. 22. The pleading is not a model of clarity. Liberally construed, it appears Plaintiff seeks leave to amend to add the state-law claims of defamation and slander of character. The claims relate to events at the Michael Unit, where he is confined. The construed motion to amend is DENIED.

On December 6, 2023, the Magistrate Judge recommended that Plaintiff's official capacity claims be dismissed without prejudice for lack of subject matter jurisdiction and that his claims for habeas relief, witness protection, and criminal investigation and prosecution be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Doc. 17. Having accepted the recommendation and dismissed all of Plaintiff's claims over which the Court had original jurisdiction, the Court now declines to exercise supplemental jurisdiction over

Plaintiff's new state-law claims pled in his motion for leave to amend. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). While not mandatory, courts generally "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.* 554 F.3d 595, 602 (5th Cir. 2009); *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (district court should reconsider its jurisdiction over "state law claims as of the moment" the federal claims are deleted from the case).

As noted, this case has not proceeded far. The Court has summarily dismissed at the screening stage all of Plaintiff's claims and no service of process has issued. Exercising supplemental jurisdiction would not serve the values of judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs*, 641 F.3d at 163 (finding district court abused its discretion by not remanding a case after the voluntary dismissal of the federal claims when it became a state law dispute and was still in its infancy).

Thus, amendment is futile here and the construed motion to amend is denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend).

In sum, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate, Doc. 17, and **DENIES** Plaintiff's construed motion to amend as futile, Doc. 22.

**SO ORDERED** on January 12, 2024.

_____
DAVID C. GODBEY
UNITED STATES CHIEF DISTRICT JUDGE